## 2740.  BAZEMORE *v.* SMALL CO.

1. Under the pleadings and the evidence, the only issue of fact for the determination of the jury was whether the son of the defendant was his agent in the purchase of the goods.
2. "Whenever a general agency has been established for any purpose, all persons who have dealt with the agent have a right to assume that his authority to deal with them in behalf of his principal continues, until notice, express or implied, has been conveyed to them that the agency has been revoked." *Burch* v. *Americus Grocery Co.*, 125 *Ga.* 153 (53 S. E. 1008).
3. Where one denies that a named person was his agent, the fact that he has admitted to a third person that the named person was in fact his agent is a circumstance illustrative of the existence or non-existence of the agency, without regard to whether the statement made to the third person was ever communicated to any other person or not. The fact that the defendant, who denied that his son was his agent, had frequently stated to various persons other than the plaintiff that his son was his agent in reference to the matter in dispute, might be corroborative of the testimony of the plaintiff to the effect that the defendant informed him that his son was his agent; and especially would this be true where the defendant denied having told any one after a certain date that his son was his agent.
4. There was no error in the charge of the court on the subject of impeachment. Even if the instructions were not sufficiently full as to impeachment by proof of contradictory statements, the charge was fitly adjusted to that method of impeachment which rests upon the disproof of statements made by a witness whom it is sought to impeach. The evidence in this case was sufficient to authorize the jury to find that there was an impeachment by disproving material facts testified to by a party to the cause, and also by proof of contradictory statements alleged to have been made by this party. Even if the court should have charged more fully, the omission was not prejudicial to the defendant, and no request for more elaborate instructions was presented.
5. The account which was attached to the plaintiff's petition as an exhibit, and which was the basis of the suit, having been verified as required by law, and the defendant not having denied the justness and correctness of any of the items, but having pleaded, instead, that he was not liable for certain items solely because the articles charged therein had not been purchased by his authority, he must be held to have waived formal proof of the delivery of the articles charged in the account, and to have tacitly admitted that he was liable for the account as stated, under his pleas setting up a tender of the amount he admitted to be due, and denying that he authorized the purchase of any other goods than those he admitted he had received.

DECIDED FEBRUARY 22, 1911.

Complaint; from city court of Macon—Judge Hodges. April 30, 1910.

*L. D. Moore,* for plaintiff in error.

*F. Chambers & Son,* contra.

RUSSELL, J.    A. B. Small Company brought suit against O. C. Bazemore upon an account, which was attached to the petition and verified by the affidavit of the plaintiff's secretary and treasurer as being just, true, due, and unpaid.   The defendant did not deny the justness and fairness of the account as a whole, nor the justness and fairness of any item or items of the account.   Instead, he pleaded that he was not indebted for any of the items dated on and after January 1, 1909, for the reason that the articles included in these items were never delivered to him or bought by him.   By amendment to the plea, he admitted that there were items amounting to $51.07, which were purchased after January 1, 1909, for which he was liable to the plaintiff.   Further pleading, he admitted that he owed the plaintiff $317.22, with interest, and alleged that he had tendered to the plaintiff $330.31.   It will be observed from this statement of the contents of the pleadings that the defendant did not in any wise deny liability for any of the items charged to him up to January 1, 1909, and, in addition, admitted an indebtedness of $51.07 for the month of January.   The jury returned a verdict in favor of the plaintiff for $672.35 principal and $35.29 interest.   The defendant complains of the judgment overruling his motion for new trial.

We find no error in the judgment of the lower court.   According to the account attached to the petition, the purchases up to January 1, 1909, amounted to $1,683.66, and the payments amounted to $1,318.57, leaving a balance due of $365.09 on January 1, 1909. Adding to this the $51.07 which the defendant admitted to be due for purchases in January, and deducting $100 shown by the account to have been paid by him on January 11, 1909, there remains a balance of some cents less than the amount he admitted to be due and which he pleaded he had tendered.   He did not deny that the remaining items were bought by his authority.   As before stated, he pleaded only that they were not delivered to him, and were not bought by him.   He no doubt intended, by saying that the articles were not bought by him, to plead that they were not bought by him either in person or by any one authorized to act for him; but, regardless of the form of the pleadings, the evidence soon brought to the front the only issue in the case, which was whether O. C. Baze-

more Jr., a son of the defendant, owned the stock of goods on Fourth street, in Macon, or whether this stock of goods was the property of the defendant, and the son merely his agent.

The facts and circumstances adduced by the plaintiff were sufficient to authorize the latter inference. There was evidence to the effect that the defendant informed the plaintiff's salesman who took his orders that the Fourth street store belonged to him, and that his son was merely managing it for him, and there was evidence that the defendant frequently ordered goods for the store of which his son was in charge, and authorized him to supply that store from time to time. We think the court properly admitted proof of the fact that similar statements were made to others by the defendant, and that admissions of ownership were made by him to other merchants. These statements were admissible to prove ownership of the defendant and the agency of his son, if considered apart from the statements said to have been communicated to the plaintiff; and certainly, when considered in connection with the plaintiff's testimony, they would tend to corroborate it. It is true that some of these admissions were proved before laying the ground for impeachment by proof of contradictory statements, but it must be borne in mind that one of the methods of impeachment provided by our code is that of disproving the testimony of a witness. It was certainly material to be known whether Bazemore told the plaintiff that his son was his agent, and authorized it to furnish the Fourth street store with whatever goods they wanted or needed. The plaintiff's salesman affirmed that all the goods were sold upon the defendant's statement that his son was his agent, and upon his express direction to sell to his son as his agent. Bazemore denied this. In our opinion it would be a circumstance not without significance, in determining the credibility of these witnesses, respectively, if it should be shown that Bazemore disclaimed all title to the stock of goods in the store on Fourth street, as it might tend to convince the jury that the testimony in conflict with Bazemore's on the point directly under consideration was unreasonable. And likewise, not only were these statements of Bazemore as to the identical matter at issue competent as testimony of admissions contrary to his testimony, and thereby tending to disprove it, but his testimony was admissible as corroborative of the plaintiff's salesman, in the direct conflict which existed between his testimony and

that of Bazemore, as tending to show which testimony was the more reasonable. For this reason, we think there was no error in the rulings complained of in the several grounds of the motion for new trial which object to the admission of statements made by Bazemore which apparently were not communicated to the plaintiff. Admissions of a party are always admissible as evidence against him. Of course, it was necessary that the plaintiff prove that it was authorized by the defendant to furnish the goods which it supplied to his son, but there was positive testimony to that point, and positive denial that the plaintiff had ever been authorized by the defendant to furnish his son with goods. In this state of the case any circumstance which would enable the jury to settle the conflict and determine the issue by the superior weight of the testimony was relevant and admissible.

The exclusion by the court of certain checks or O. C. Bazemore Jr. to the plaintiff, evidencing that the son had paid some of the accounts for goods which were supplied to the Fourth street store, was perhaps erroneous, for the reason just stated, but the error was harmless, because there was other evidence to the same effect; and, furthermore, the circumstance that the son paid some of the debts by checks drawn in his own name would not necessarily be inconsistent with the fact that he was agent of his father in buying goods and even in paying for them. The same may be said in regard to the proof as to signs, which, however, do not seem to have been observed by any of the witnesses until after young Bazemore's failure. The fact that the store had signs indicating that the stock of goods belonged to O. C. Bazemore Jr. might prima facie raise a presumption that O. C. Bazemore Jr. was the real owner of the stock of goods, but, even if this were true, it could not defeat the rights of the one who sold him the goods, not upon his own credit, but upon the assurance that his father had obligated himself to pay for the goods. These checks would have been admissible if they had been properly identified, and could have gone to the jury for whatever they were worth, as a circumstance illustrating the main issue, but there was no proof of the execution of any of them.

There was no error in the charge of the court upon the subject of impeachment, nor as to the admissions of the defendant, nor in the statement that agency was the sole issue of fact to be determined. The review of the pleading and the evidence which we

have given amply supports these propositions. The defendant staked his case on the proposition that his son was not his agent. He did not deny that the goods were furnished to his son; and therefore he did not require the plaintiff to prove anything except the agency of his son, and the latter fact was proved to the satisfaction of the jury, as appears from the verdict.    *Judgment affirmed.*