10873, 10874. SWIFT & COMPANY *v.* DAWSON PAPER
SHELL PECAN COMPANY; and *vice versa.*

1. In a suit upon a promissory note signed "Lowery Brothers Company
by M. M. Lowery, secretary and treasurer," the court did not err
in admitting the note in evidence, in view of the proof that M. M.
Lowery was secretary and treasurer of Lowery Brothers Company;
and the note, taken together with the other testimony adduced on the
trial, made out a prima facie case in favor of the plaintiff. The court
therefore erred in granting a nonsuit.
2. The evidence having shown that M. M. Lowery was the secretary and
treasurer of the Lowery Brothers Company, conversations with him
relative to the transaction in question and letters written by him
relating thereto were properly admitted in evidence. This ruling
disposes of the 1st, 2nd, 3rd, 4th, and 8th grounds of error assigned
in the cross-bill of exceptions.
3. The court did not err in admitting in evidence certain portions of the
pleading in the case of *Dawson Pecan Co.* v. *Montezuma Co.,* 19 *Ga.
App.* 42 (90 S. E. 984), to wit: "For further answer this defendant
says that the note sued on in the above-stated case was never executed
by the Dawson Paper Shell Pecan Company, or its predecessors, the
Lowery Brothers Company, nor by any officer or agent of said defend-
ant company who was authorized to execute the same, and the same
was not the act or deed of the said defendant company, but was an
ultra vires act of *M. M. Lowery, who was at the date of said notes
secretary and treasurer of said defendant company.*" Although in a
separate suit from this one, the excerpt from the answer in that suit
was admissible in evidence as illustrative of whether or not M. M.
Lowery was such an officer of the Lowery Brothers Company.
4. The 6th and 7th grounds of the cross-bill of exceptions are covered
by the ruling stated in the first headnote.

DECIDED DECEMBER 16, 1919.

Complaint; from city court of Dawson—Judge Edwards. July
21, 1919.

*Peacock & Gardner, W. H. Gurr,* for plaintiffs.

*Yeomans & Wilkinson,* for defendants.

SMITH, J. Swift & Company sued the Dawson Paper Shell
Pecan Company on a promissory note signed "Lowery Brothers
Company, per M. M. Lowery, Secretary and Treasurer," alleging
that the Dawson Paper Shell Pecan Company was a corporation
and had absorbed Lowery Brothers Company, which was also a
corporation, and had assumed the indebtedness of Lowery Brothers
Company. At the conclusion of the evidence submitted in behalf
of the plaintiff, the court, upon motion of defendant's counsel,
granted a nonsuit. To this ruling the plaintiff excepted.

40

The plaintiff introduced in evidence the minutes of the Lowery Brothers Company, which showed that on August 7, 1911, M. M. Lowery was elected secretary and treasurer of said company. The minutes showed also that they were signed by M. M. Lowery as secretary and treasurer of the Lowery Brothers Company up to August 19th, 1913, the date of the last meeting. It was also proved that sometime during the year 1914 the corporate name Lowery Brothers Company was changed to Dawson Paper Shell Pecan Company, and that on November 14th, 1914, W. A. Baldwin was elected secretary and treasurer of the company. The following portion of the pleadings in the case of Montezuma Fertilizer Company v. Dawson Paper Shell Pecan Company (see 19 *Ga. App.* 42, which was a suit on several promissory notes made by Lowery Brothers Company, per M. M. Lowery, secretary and treasurer, each note bearing the date May 7th, 1914) was admitted in evidence: "For further answer this defendant says that the note sued on in the above-stated case was never executed by the Dawson Paper Shell Pecan Company, or its predecessors, the Lowery Brothers Company, nor by any officer or agent of said defendant company who was authorized to execute the same, and the same was not the act or deed of the said defendant company, but was an ultra vires act of *M. M. Lowery, who was at the date of said notes secretary and treasurer of said defendant company.*" Thus we have an admission by the defendant in this case that M. M. Lowery was on May 7, 1914, the secretary and treasurer of the Lowery Brothers Company. It will be recalled in this connection that the note sued upon in the instant case is dated May 21, 1914. There is nothing in the record to indicate that any one was elected to succeed M. M. Lowery during the interval between May 7, 1914, and May 21, 1914. J. S. Lowery, president of the Lowery Brothers Company, testified as follows: "Up until the formation of Dawson Paper Shell Pecan Company, Lowery Brothers Company continued to exist, and I was president and M. M. Lowery was secretary and treasurer. . . As long as the office remained in Americus M. M. Lowery was supposed to hold the office of secretary and treasurer. . . After the office was removed the business of Lowery Brothers Company was turned over to me, and when any mail came to Lowery Brothers Company at Dawson, Ga., I received it. While the office was in Americus the company's mail went to Americus.

*M. M. Lowery purchased fertilizer for Lowery Brothers Company during the year 1914,—he purchased all the fertilizer used by the company that year."* On cross-examination this witness testified: "I was president of the company and knew that he (M. M. Lowery) was buying the guano. C. T. Lowery was director of the company at the time it was bought. . . M. M. Lowery as well as C. T. Lowery and myself were looking after the business of Lowery Brothers Company." I. J. Kalmon testified that he represented Swift & Company during the year 1914, and that he sold to Lowery Brothers Company the fertilizer for which the note sued upon was executed; that the transaction was had with M. M. Lowery, who told him that he (Lowery) was secretary and treasurer of the Lowery Brothers Company, and had authority to buy guano for that company; that an application for the purchase of the fertilizer in question was filled out and signed by him, as the representative of Swift & Company, and by M. M. Lowery, as secretary and treasurer of the Lowery Brothers Company; that he did not know what farms the Lowery Brothers Company owned, or where they were located, but that he ordered the guano shipped to the point where M. M. Lowery directed it to be sent. This witness further testified that M. M. Lowery signed the note sued upon. The plaintiff also introduced in evidence a letter, signed Lowery Brothers Company, per M. M. Lowery, secretary and treasurer, urging plaintiffs to ship the fertilizer in question, explaining that Lowery Brothers Company was thoroughly solvent and that he had authority to buy fertilizer for them.

This evidence shows that M. M. Lowery had been secretary and treasurer of Lowery Brothers Company from 1911 to some date in 1914, and that he was authorized to and did purchase all the guano that the company used in 1914, the year when the fertilizer in question was bought. Having authority to purchase the fertilizer for the company, it will be presumed that he had authority to execute in behalf of the company a note for the payment of the purchase price. "The agent's authority will be construed to include all necessary and usual means for effectually executing it." Civil Code (1910), § 3595. There is a legal presumption, where, of course, the contrary does not appear, that one holding the office of secretary and treasurer of a corporation is a proper officer to sign for the corporation; and the onus is upon the corporation to

show the contrary. *Phillips* v. *Hudson,* 9 *Ga. App.* 779 (72 S. E. 178) ; *Dawson Pecan Co.* v. *Montezuma Co.,* supra. In the *Phillips* case, supra, the court used the following language: "Prima facie, the treasurer was the proper officer to sign for the corporation."

The evidence showing beyond question that M. M. Lowery was secretary and treasurer of the Lowery Brothers Company only a few days prior to the date when he signed the note sued upon, and that he had authority to purchase fertilizer for the company during the year 1914, the plaintiff, never having been notified to the contrary, had a right to presume that Lowery's authority to purchase fertilizer in behalf of the Lowery Brothers Company continued, and still existed at the time of the purchase. In the case of *Burch* v. *Americus Grocery Co.,* 125 *Ga.* 153, 155 (53 S. E. 1008-9), it was said, not only "all persons who have dealt with such agent," but such as "have known of the agency and are apt to deal with him, have a right to presume" a continuance of his office and authority. See also *Bozeman* v. *Small,* 9 *Ga. App.* 29 (2) (70 S. E. 261).

We think that the trial judge erred in ruling as he did, since it is well settled that if, under the most favorable construction of the evidence, the plaintiff would have been entitled to recover, then it was error to grant a nonsuit.

This opinion deals only with the questions presented by the main bill of exceptions, as we think the headnotes sufficiently pass upon the questions raised by the cross-bill.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Jenkins, P. J., and Stephens, J., concur.*