45578.   COCHRAN v. HARRIS.

Submitted September 9, 1970—Decided January 11, 1971—
Rehearing denied January 27, 1971—Cert. applied for.

*Hugh B. Pettit, Jr.,* for appellant.

*J. M. Neel, Jr., Frank D. Smith, Jr.,* for appellee.

BELL, Chief Judge. A resolution of this suit lies in an application of the facts to the provisions of Secs. 15 and 16 of the Motor Vehicle Certificate of Title Act. Ga. L. 1961, pp. 68, 78, 79 (*Code Ann.* §§ 68-415a and 68-416a). Subsection (d) of Sec. 15 provides in material part that a transfer by an owner is not effective until the provisions of Sec. 15 and Sec. 16 have been complied with and no purchaser or transferee shall acquire any right, title or interest in a vehicle purchased unless he shall obtain from the transferor a certificate of title duly transferred in accordance with the provisions of Sec. 15. Section 16 concerns transfers to or from a dealer and provides that the dealer who buys a vehicle and holds it for resale need not apply for a new certificate of title but may retain the certificate delivered to him and upon transferring the vehicle shall execute the assignment and warranty of title by a dealer. Transfers of vehicles from a dealer to a third party shall otherwise conform to the provisions of Sec. 15 of the Act. Subsection (a) of Sec. 15 requires the owner upon delivery of the vehicle to execute an assignment and warranty of title duly notarized to the transferee in the space provided on the certificate of title or as the Commissioner prescribes and cause the certificate and assignment to be delivered to the transferee. While Shinall at the time of delivery of the car did not literally comply with the law by executing an assignment and warranty of title on the reverse of the Whatley certificate, he did substantially comply with this provision of the law by the execution of a bill of sale from himself to the defendant which in our view accomplishes the same purpose, The stipulation of facts is silent as to any actual physical delivery of the Whatley certificate and the bill of sale to the defendant. However, we conclude that there was a constructive delivery to

the defendant. Defendant as required by Subsec. (b) of Sec. 15 executed an application for a new certificate of title in his name. These documents, the existing certificate of title, the title application, and the bill of sale, were delivered on behalf of defendant to the First National Bank, the lienholder, who caused them "to be mailed or delivered" to the Commissioner as required by Sec. 15 (c) and Sec. 22 of the Act. It is true that the Revenue Commissioner issued a certificate of title to plaintiff listing him as owner. A certificate of title, however, is prima facie evidence of the facts appearing in the certificate. Ga. L. 1961, pp. 68, 76 (*Code Ann.* § 68-411a (c). Thus it is prima facie a fact that the plaintiff was the owner. By being only prima facie evidence of this fact, it can be contradicted by other evidence. *Thornton v. Alford,* 112 Ga. App. 321 (1) (145 SE2d 106). It is not disputed that Shinall was the owner at the time of defendant's purchase of the car. The actions taken by him and the defendant show at the very least a substantial compliance with Secs. 15 and 16 of the Act so as to effectively transfer ownership to defendant. Shinall's subsequent purported transfer of ownership to the plaintiff was a nullity as he had no property or interest in the car that he could pass to the plaintiff. The trial court erred in granting judgment to plaintiff. The judgment is

*Reversed. Quillian and Whitman, JJ., concur.*