46269.    ROCKWIN CORPORATION v. KINCAID.

BELL, Chief Judge. This is a trover suit involving the ownership of a mobile home. The trial court granted defendant's motion for summary judgment and denied plaintiff's. The denial has been certified for appeal. *Held:*

It appears from the pleadings and the evidence that the plaintiff, an Alabama corporation, delivered a 1970 model mobile home to Western Mobile-Homes, Inc., a dealer in this type of property, at its place of business in Marietta, Georgia. An accompanying invoice, dated March 30, 1970, from plaintiff to Western contained cautionary instructions that the invoice should not be construed to convey title or give any right to take possession and that title is transferred only through the manufacturer's certificate of origin. No manufacturer's certificate of origin was ever transmitted to the dealer. After delivery to Western, the latter sold the mobile home to the defendant who paid for it in full by check. Western Mobile-Homes delivered the mobile home to the defendant. In answer to interrogatories the defend-

ant stated that he does not have a Georgia certificate of title issued under the Motor Vehicle Certificate of Title Act for the home involved in this case; that the only evidence of title he has is a customer's purchase agreement between himself and Western, canceled checks for the full purchase price and possession of the unit. Defendant further stated in answer to an interrogatory that he did not recall seeing any papers or documents, or commercial papers of any description showing transfer of the mobile home from plaintiff to Western Mobile-Homes, Inc. The foregoing facts are undisputed. The plaintiff's main contention is based upon the fact that defendant did not obtain a Georgia certificate of title on the property under the transfer provisions of § 15 of the Motor Vehicle Certificate of Title Act. Ga. L. 1961, pp. 68, 78 (*Code Ann.* § 68-415a). A mobile home falls within its provisions. *Wooden v. Michigan Nat. Bank,* 117 Ga. App. 852 (162 SE2d 222). Subsection (d) of § 15 states in pertinent part ". . . a transfer by an owner is not effective until the provisions of this section and section 16 have been complied with and no purchaser or transferee shall acquire any right, title or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto duly transferred in accordance with the provisions of this section." Subsection (a) of § 15 requires that an owner upon transfer of his interest in the vehicle shall at the time of the delivery of the vehicle execute an assignment and warranty of title which must be subscribed and sworn to before an officer authorized to administer oaths in the State to the transferee in the space provided on the "certificate of title" and deliver it to the transferee. Subsection (b) of § 15 provides that the transferee shall promptly after delivery to him of the vehicle and "certificate of title" execute an application for a "new certificate of title" and cause the "certificate and application to be mailed or delivered" to the Revenue Commissioner. There are exceptions to these provisions of § 15 in § 16 but they are not material here. It is clear and manifest from the provisions of § 15 concerning signing the assignment and warranty of title on the "certifi-

cate," delivery to the transferee and the transferee's obligation to apply for a "new" certificate that it only applies in a case in which the vehicle in question has previously been issued a Georgia certificate of title by the Revenue Commissioner. There is nothing shown by the evidence of the issuance of a prior Georgia certificate of title to this house trailer at the time of the sale transaction between the defendant and Western Mobile-Homes, Inc. Since it is readily apparent that the vehicle was a new one from the dates of the invoice, date of sale to defendant, the lack of transmittal of a manufacturer's certificate of origin and the fact that plaintiff is a mobile home manufacturer, no Georgia certificate of title was required. See § 4 of the Act, as amended, Ga. L. 1961, pp. 68, 72; 1962, pp. 79, 80; 1964, p. 178 (*Code Ann.* § 68-404a (2)). The foregoing is not in conflict with anything held in *Wreyford v. Peoples Loan &c. Corp.*, 111 Ga. App. 221 (141 SE2d 216). In the *Wreyford* case, the automobile involved had been titled by the Revenue Commissioner. The exclusiveness of procedure found in § 27 of the Act applies only to the perfecting and giving notice of security interest and liens, which is not involved here. Thus, the transaction here must be subject to the provisions of the Uniform Commercial Code. UCC § 2-403 provides in part: "(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business. (3) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law." *Code Ann.* § 109A-2—403 (2) (3). The plaintiff entrusted the mobile home to Western, a dealer in the business of selling this type of property, which empowered the latter to transfer all plaintiff's rights in the vehicle to a buyer in the ordinary course of business. From all that appears in the record the defendant was a buyer in the ordinary course of business as that term is defined by UCC § 1-201 (9) (*Code Ann.* § 109A-1—201). The evidence reveals that defendant had no knowledge and was

in no way put on notice of the cautionary instructions on the plaintiff's invoice to Western or any other limits on Western's authority to sell and pass title to the mobile home. Western as the vendor completed its performance of the contract of purchase by the physical delivery of the house trailer to the defendant. Title then passed to the defendant buyer. UCC § 2-401 (2) (*Code Ann.* § 109A-2—401 (2)). There was no error in the grant of summary judgment to the defendant or in the denial of plaintiff's motion.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED JUNE 1, 1971—DECIDED SEPTEMBER 7, 1971— REHEARING DENIED OCTOBER 8, 1971—

*Arnall, Golden & Gregory, H. Fred Gober,* for appellant. *Herman J. Spence, Bobby C. Milam,* for appellee.