49613. WIELGORECKI v. WHITE.

SUBMITTED SEPTEMBER 9, 1974 — DECIDED FEBRUARY 4, 1975.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellant.

*Walker, Yancey & Gupton, Reuben H. Yancey,* for appellee.

QUILLIAN, Judge.

1. A certificate of title issued by the commissioner is prima facie evidence of the facts appearing on it. Code Ann. § 68-411a (c) (Ga. L. 1961, pp. 68, 76; 1962, pp. 79, 83); *Thornton v. Alford,* 112 Ga. App. 321, 323 (145 SE2d 106); *Cochran v. Harris,* 123 Ga. App. 212, 216 (180 SE2d 290).

Code Ann. § 68-415a (d) (Ga. L. 1961, pp. 68, 78) provides: "Except as provided in section 68-416a and *as between the parties,* a transfer by an owner is not effective until the provisions of this section and section 68-416a have been complied with and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred in accordance with the provisions of this section." (Emphasis supplied.)

As pointed out in *Rockwin Corp. v. Kincaid,* 124 Ga. App. 570, 572 (184 SE2d 509), the above Code section only applies in a case in which the vehicle in question has previously been issued a Georgia certificate of title by the Revenue Commissioner. It is therefore clear that both Code sections have reference to a Georgia certificate of title.

How stands now a certificate of title from another state? Code Ann. § 68-408a (c) (Ga. L. 1961, pp. 68, 74; 1962, pp. 79, 83; 1964, pp. 436, 437) sets forth: "If the application refers to a vehicle last previously registered in another state or country, the application shall contain or be accompanied by: (1) Any certificate of title issued by the other state or country; (2) Any other information and documents the commissioner reasonably requires to establish the ownership of the vehicle and the existence or nonexistence of security interests in it and liens

against it." The Rules of the Department of Revenue, Chapter 560-10-12-.08 of which we take judicial notice (Code Ann. § 3A-108; Ga. L. 1964, pp. 338, 346) further require: "Proof of Ownership of Vehicles Previously Registered Out of State. When an owner submits an application for a certificate of title on a vehicle which was last previously registered by another state and on which no certificate of title has been issued, a proper bill of sale from an out-of-state dealer shall be sufficient evidence of ownership of the vehicle to authorize the issuance of a Georgia motor vehicle certificate of title for such vehicle."

From a reading of these provisions it seems clear that the certificate of title from another state does not stand on the same level as one from Georgia. However, even if it did, the certificate of title is not conclusive on the question of title. "By being only prima facie evidence of this fact, it can be contradicted by other evidence." *Cochran v. Harris,* 123 Ga. App. 212, 216, supra.

Even though agency cannot be established by declaration of agent alone, *Warnock v. Elliott,* 96 Ga. App. 778, 790 (101 SE2d 591), it may be shown by the admissions of the principal. *Ham v. Brown Brothers,* 2 Ga. App. 71 (4) (58 SE 316); *Bazemore v. Small Co.,* 9 Ga. App. 29 (3) (70 SE 261); *Hatcher v. Seitz,* 87 Ga. App. 787, 788 (75 SE2d 273). See *William Hester Marble Co. v. Walton,* 22 Ga. App. 433 (5) (96 SE 269). Moreover, proof of agency may be made by showing circumstances, apparent relations and conduct of the parties. *Cable Co. v. Walker,* 127 Ga. 65 (1) (56 SE 108). See *Universalist Convention v. Guest,* 179 Ga. 168 (2) (175 SE 466).

A principal may by ratification or by failure to repudiate acts be bound. Code § 4-303. *Butler v. Moore,* 125 Ga. App. 435 (2) (188 SE2d 142). Whether such ratification occurred is usually a question for a jury. *Coursey v. Consolidated Naval Stores Co.,* 22 Ga. App. 538 (3) (96 SE 397). Giving the proof an interpretation in favor of the party opposing the motion for summary judgment there was a question for the jury as to whether Cannon was acting on behalf of the plaintiff.

Here the defendant introduced some proof which would tend to bring the case within one of the exceptions

with regard to a Georgia certificate of title in that he offered proof that Cannon was acting as the plaintiff's agent. In which case the plaintiff and defendant are parties within the meaning of Code § 68-415a (a) (Ga. L. 1961, pp. 68, 78), and thus the certificate of title would not be controlling. *Allen v. Holloway,* 119 Ga. App. 676 (168 SE2d 196).

The cases cited by the plaintiff, *Capital Auto. Co. v. Continental Credit Corp.,* 117 Ga. App. 451 (160 SE2d 836) and *Kinder v. General Motors Acceptance Corp.,* 117 Ga. App. 610 (161 SE2d 372), are authority for the proposition that a prior lien listed on an out-of-state certificate of title would be given validity and preference in Georgia to a later acquiring of the property. They do not hold that an out-of-state certificate of title would stand conclusively to establish title in the State of Georgia.

2. The proof offered as to value of the vehicle was the opinion of the plaintiff and thus would not authorize the grant of a summary judgment. *Ginn v. Morgan,* 225 Ga. 192 (2) (167 SE2d 393); *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395).

Since issues of fact remain (1) as to whether Cannon was acting for the plaintiff so as to allow the defendant to show he did acquire title, (2) as to what was the value of the vehicle, the trial judge properly denied the motion for summary judgment.

*Judgment affirmed. Bell, C. J.; and Clark, J., concur.*