32

In the Matter of Robert K.
STEWART, Bankrupt.

William M. FLATAU, Plaintiff,

v.

BANK OF BANKS COUNTY, Defendant.

Bankruptcy No. 79–24–Ath.

United States Bankruptcy Court,
M. D. Georgia,
Athens Division.

Aug. 25, 1980.

William M. Flatau, Macon, Ga. for the plaintiff.

Edward W. Clary, Homer, Ga., for the defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HENRY D. EVANS, Bankruptcy Judge.

The Court is asked to decide the priority of interest in a 1967 pickup truck which is the subject of a turnover complaint filed by the trustee. By stipulation of the parties the following is the Court's findings of fact:

1.

That on July 29, 1978 the W. D. Simmons & Son Co. did, for value received, give, grant and convey to the Bank of Banks County, hereinafter referred to as "bank," a first lienholder's secured interest in a certain 1967 Ford pickup truck (Manufacturers I.D. No. F10ALB46575).

2.

That on the 13th day of September 1978 the State of Georgia did issue a Certificate of Title No. C981262 showing the owner of said vehicle as being W. C. Simmons & Son Co., and the first lien or security interest being in the Bank of Banks County, Homer, Georgia.

3.

That on May 4, 1978 the W. D. Simmons & Son Co. sold the aforesaid 1967 Ford pickup to Robert Stewart, hereinafter referred to as "bankrupt."

4.

That on the same day of May 4, 1978 the bankrupt did give the bank a first lienholder's security interest in the Ford pickup aforesaid as partial collateral for a $1,300.00, 36 month, loan from said bank.

5.

That on March 21, 1979 Robert K. Stewart was adjudged a bankrupt on a petition filed by him in the United States District Court for the Middle District of Georgia, Athens Division.

**6.**

That on April 15, 1979, while reviewing its file on the above noted bankrupt, the bank discovered that, through clerical error, the Certificate of Title noted above had *not* been forwarded to the State of Georgia Motor Vehicle Division to have a new Certificate of Title issued in the name of the now adjudged bankrupt.

**7.**

That on April 15, 1979 Pat Simmons, Vice-President of Bank of Banks County, did release the first lienholder's security interest of said bank in the Ford pickup aforesaid for the sole purpose of obtaining a new Certificate of Title as prescribed under Georgia Law (Ga.Code Ann. § 68–421a).

**8.**

That on April 19, 1979 the first meeting of creditors was held in Athens, Georgia, wherein the bank was represented by Edward W. Clary, Attorney at Law.

**9.**

That on July 23, 1979 William M. Flatau, trustee in bankruptcy, filed a turnover complaint seeking possession of the Ford pickup truck aforesaid.

**10.**

That on September 7, 1979 the bank did file its answer to the trustee's turnover complaint.

From the evidence as stipulated, the Court draws the following conclusions of law:

■ The Motor Vehicle Certificate of Title Act has several purposes but two of the more important ones are:

(1) to prevent traffic in stolen cars by providing an exclusive means of transfer which is recorded in a central location and can be verified quickly and easily; and

(2) to provide a means for purchasers of automobiles to ascertain the entire interest of the seller by referring to the face of a single instrument.

In order for the Act to accomplish these purposes, its provisions must be strictly construed and enforced, especially in those instances where third party interests are involved. *McMath v. Columbus Bank*, 136 Ga.App. 723, 222 S.E.2d 177 (1975); *Rockwin Corporation v. Kincaid*, 124 Ga.App. 570, 184 S.E.2d 509 (1971); *Canal Insurance Co. v. Woodard*, 121 Ga.App. 356, 173 S.E.2d 727 (1970).

■ It is true that as between parties or when third party interests are not involved, substantial compliance with the provisions of the law may be sufficient, *Cochran v. Harris*, 123 Ga.App. 212, 180 S.E.2d 290 (1971); Ga.Code Ann. § 68–415a(d); but the language of the statute is clear that when third party rights are involved, this is not the case. See *McMath*, supra, and 68–415a(d).

■ For this reason the Court finds that the title to the 1967 Ford pickup truck was not vested in the bankrupt upon his adjudication and the Bank of Banks County has a perfected security interest superior to the trustee in bankruptcy.

Comment.

The pertinent part of Ga.Code Ann. § 68–415a reads as follows:

"(d) Except as provided in Section 68–416(a) [transfer to or from dealer] and as between the parties, a transfer, by an owner is not effective until the provisions of this section and section 68–416(a) have been complied with and no purchaser or transferee shall acquire any right, title or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred in accordance with the provisions of this section."

From the facts before the Court there is no way that this Court can find that a transfer as contemplated by Section 415a took place between W. D. Simmons & Son Co. and Robert K. Stewart, the bankrupt.

■ The Certificate of Title is prima facie evidence of title and ownership, possession alone will not suffice. *Wreyford v. Peoples Loan & Finance Corp.*, 111 Ga.App. 221, 225, 141 S.E.2d 216 (1965). The trustee had the opportunity to show that considera-

tion passed between the parties, that a license plate receipt was transferred, or that a bill of sale was given, all of which could have served to rebut the prima facie evidence of title established by the Certificate of Title. See *Cochran*, supra; *Frazier v. Willis*, 128 Ga.App. 762, 197 S.E.2d 831 (1974); *Canal Insurance Co. v. P & J Truck Lines*, 145 Ga.App. 545, 244 S.E.2d 81 (1978). This was not done.

Hence the Court must view the title owner as of the day of bankruptcy as W. D. Simmons & Son Co. The first entitled holder of a security interest in the truck on that date was the Bank of Banks County, also as evidenced by the title certificate which the bank held pursuant to Ga.Code Ann. § 68–421a. Its security interest had been perfected by the exclusive means provided by the Code for such perfection. Ga.Code Ann. § 68–427a.

Consequently the Bank of Banks County holds a security interest in the 1967 Ford pickup truck superior to the rights of the trustee and is entitled to possession thereof. To hold otherwise would be to subvert the intentions of the Act and place the transferees of certificates of title in no better position than the holder of a bill of sale with possession of the vehicle. Such a result would be a happy tune for car thieves to hear.