## 71137. G. E. CREDIT CORPORATION v. CATALINA HOMES, INC. et al.

(342 SE2d 734)

McMurray, Presiding Judge.

This appeal arises from the denial of a writ of possession of a mobile home. Defendant Harbor Homes of Georgia, Inc. (Harbor) operated a mobile home retail sales lot. Harbor obtained mobile homes for sale from a number of manufacturers, including defendant Catalina Homes, Inc. (Catalina), manufacturer of the mobile home at issue. Plaintiff G. E. Credit Corporation provided floor-plan financing for Harbor. At all times relevant to this action plaintiff maintained a perfected security interest in all inventory, including after-acquired inventory of Harbor. On August 6, 1984, the mobile home at issue was delivered to Harbor at its retail lot. The mobile home at issue was not placed under the floor-plan financing arrangement with plaintiff. Catalina was not paid for this mobile home by anyone, and Catalina retained possession of the certificate of origin (plaintiff had possession of the certificate of origin of Harbor's mobile homes which were under the floor-plan arrangement). On August 10, 1984, Harbor sold a mobile home out of trust. Plaintiff declared Harbor in default because of the sale out of trust and notified Catalina on August 13, 1984. On August 10, 1984, through August 14, 1984, there were two Catalina mobile homes on Harbor's sales lot. Neither Catalina nor either of the Catalina mobile homes was involved in the sale out of trust. One of the Catalina mobile homes was under the floor-plan arrangement and shown on plaintiff's records of Harbor's inventory. Plaintiff requested Catalina to take possession of the mobile home listed under the floor-plan arrangement pursuant to a recourse arrangement against the manufacturer under the floor-plan arrangement. No issue is presented as to the Catalina mobile home covered by the floor-plan arrangement. However, Catalina also took possession of the second Catalina mobile home on the Harbor lot, which was not covered by the floor-plan arrangement and which is the mobile home at issue. Catalina has refused to pay plaintiff for the mobile home at issue and plaintiff filed its petition for writ of possession. The trial court concluded that Harbor could not have sold the subject mobile home and given good title because it did not possess the manufacturer's certificate of origin (which was retained by Catalina) and that plaintiff (which gave no consideration to Harbor or Catalina respecting said mobile home and which had no knowledge of the subject mobile home's presence on Harbor's lot until after the default) acquired no interest in the mobile home at issue. Plaintiff appeals the denial of its petition for writ of possession. *Held:*

The crux of the case sub judice appears to be Catalina's retention of the certificate of origin of the mobile home at issue. Relying upon

the provisions of the Georgia Motor Vehicle Certificate of Title Act (OCGA § 40-3-1 et seq.). Catalina argues that due to its retention of the certificate of origin, title to the mobile home never passed to Harbor and thus never became a part of its inventory. Plaintiff argues that rights to title and possession of the mobile home are determined under the Uniform Commercial Code (OCGA § 11-1-101 et seq.) and not the Georgia Motor Vehicle Certificate of Title Act.

Contrary to Catalina's argument, the Georgia Motor Vehicle Certificate of Title Act does not provide the exclusive means of proving ownership to motor vehicles. "The certificate is not the title or ownership itself but only evidence of it." *Owensboro Nat. Bank v. Jenkins*, 173 Ga. App. 775, 778 (1) (328 SE2d 399). "The Georgia Title Certificate Law does indeed provide a simple statutory method of proving ownership to motor vehicles but it is not exclusive. . . . The statute provides that the certificate of title is prima facie evidence of the facts appearing in the certificate, including the name of the owner . . . The statute did not change the existing case law as to the manner in which ownership of chattels including automobiles could be proven." *Hightower v. Berlin*, 129 Ga. App. 246, 248 (199 SE2d 335). See also *First Nat. Bank &c. Co. v. Smithloff*, 119 Ga. App. 284, 287 (167 SE2d 190); *Rockwin Corp. v. Kincaid*, 124 Ga. App. 570 (184 SE2d 509). The Motor Vehicle Certificate of Title Act, "does not apply to or affect a security interest in a vehicle created by a manufacturer or dealer who holds the vehicle for sale." OCGA § 40-3-59. See in this regard *McDonald v. Peoples Auto. Loan &c. Corp.*, 115 Ga. App. 483, 486 (154 SE2d 886). See also OCGA § 11-9-302 (3), and *First Nat. Bank &c. Co. of Augusta v. McElmurray*, 120 Ga. App. 134, 139 (4) (169 SE2d 720). Compare *First Nat. Bank &c. Co. v. Smithloff*, 119 Ga. App. 284, 286 (1), supra.

We find no reason to distinguish such cases as *Rome Bank &c. Co. v. Bradshaw*, 143 Ga. App. 152, 154 (2), 156 (237 SE2d 612), in which we have held that floor-planned vehicles held in inventory for sale by a dealer are not controlled by the Georgia Motor Vehicle Certificate of Title Act. While the mobile home at issue in the case sub judice was "on consignment" and not yet included in the floor-plan arrangement, it was nonetheless in Harbor's inventory (at its place of business of conducting retail sales) and available for sale to Harbor's retail customers. We conclude that the rights of the parties in the case sub judice must be determined under the Uniform Commercial Code rather than the Motor Vehicle Certificate of Title Act.

As to the resolution of the issues presented under the Uniform Commercial Code, we adopt the reasoning of the Court of Appeals of Arizona in *General Elec. Credit Corp. v. Town &c. Mobile Homes*, 574 P2d 50 (Ariz. 1977). Applying that reasoning to the case sub judice, we conclude that the transaction between Catalina and Har-

bor, involving the mobile home at issue was a "sale or return." See OCGA § 11-2-326. Therefore, the mobile home was subject to plaintiff's claim arising from a security interest in Harbor's after-acquired inventory without regard to whether Catalina was compensated for the mobile home. See OCGA § 11-9-204 (1).

Plaintiff did not waive its rights in regard to the mobile home at issue. There is no evidence of a knowing and intentional relinquishment by plaintiff of its rights in the mobile home at issue. See *Jordan v. Flynt*, 240 Ga. 359, 366 (240 SE2d 858), and *Aaron Rents v. Corr*, 133 Ga. App. 296, 303 (211 SE2d 156).

We conclude that the trial court erred in failing to grant the petition of plaintiff for a writ of possession.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 7, 1986 —
REHEARING DENIED MARCH 19, 1986 — 

*Robert H. Preston, Kenneth L. Royal*, for appellant.
*Neal L. Conner, Jr.*, for appellees.