40479. SIMMONS, Administrator v. LARRY.

DECIDED FEBRUARY 12, 1964—REHEARING DENIED
MARCH 25, 1964.

*Hitch, Miller, Beckmann & Simpson, Reginald C. Haupt, Jr., Luhr G. C. Beckmann,* for plaintiff in error.

*Frank S. Cheatham, Jr.,* contra.

RUSSELL, Judge. 1. Special ground 1 complains of the admission of certain evidence by the plaintiff over the objection that it was testimony in her favor against a deceased person as to a transaction had by such deceased person with the party testifying, in contravention of *Code* § 38-1603 (1). It had been established by other evidence that the plaintiff was a guest passenger in the automobile of the deceased driver, and that the car went off the road while rounding a curve, resulting in the driver's death and the plaintiff's injuries. There was no question as to who was driving—this fact was admitted in the answer of the defendant administrator. Thus, it could not be error to allow the plaintiff to testify to this fact in any event. Statements that she was in the right front seat and that the deceased was driving "normally" prior to the event could not be harmful. This leaves the following testimony: "Q. Did you observe the speedometer? A. Yes, sir. Q. What did it say? A. Seventy. Q. Seventy? A. Yes, sir."

"Transaction", in terms of the statute, means "something personal between the surviving and the deceased parties, a transaction or communication of such character that the deceased, if alive, could deny, rebut, or explain the statement of the other party," and does not include independent observations of the party testifying. *Chamblee v. Pirkle,* 101 Ga. 790 (29 SE 20); *Holbrooks v. Holbrooks,* 155 Ga. 363 (116 SE 786); *Myers v. Phillips,* 197 Ga. 536 (29 SE2d 700). In accepting a definition under which the transaction must be "personal" between the parties, this State has in effect equated the statutory limitation to that of other States having statutes referring to a "personal transaction." For cases discussing the question of what con-

stitutes a transaction in automobile collision cases, see 80 ALR 2d, Anno. p. 1296. In Florida, under a statute similar to ours, it was held that testimony of a guest passenger as to the defendant's activities during the course of the evening and the speed and movement of his car immediately before the accident were independent facts not a part of any transaction between the plaintiff and the deceased. Herring v. Eiland (Fla.), 81 S2d 645. Referring to the exclusion of such evidence under the dead man's statute, Wigmore (II Evidence § 578, p. 697) says: "As a matter of policy, this survival of a part of the now discarded interest-qualification is deplorable in every respect; for it is based on a fallacious and exploded principle, it leads to as much or more false decision than it prevents, and it encumbers the profession with a profuse mass of barren quibbles over the interpretation of mere words." See also the critical analysis in Green, Georgia Law of Evidence, p. 364, § 147. It seems obvious that the exclusionary result of the rule should not be extended; it remains to be seen whether the testimony here objected to is interdicted by prior decisions of this State. In *Rogers v. Carmichael,* 58 Ga. App. 343 (198 SE 318), a two-judge opinion, the plaintiff's testimony as to the rate of speed of the automobile being driven by the deceased partner of the defendant was excluded. "The driving of the automobile at an excessive rate of speed, under the facts alleged in the instant case, was not a single, independent, physical act of the deceased, with which the plaintiff was in no way connected by communication or action; for the car was being run in pursuance of an alleged agreement between the parties to demonstrate it." Id., p. 348. The case was distinguished in U. S. A. C. Transport v. Corley, 202 F2d 8 on this ground, that is, that when the parties agreed to demonstrate the car for the purpose of the deceased partner selling it to the plaintiff, the transaction arose at the time of the agreement and any subsequent transactions or communications between the two were inadmissible. The ruling in *Rogers* was that the testimony was erroneously admitted and that without it the plaintiff failed to make out a case. It is interesting to note that the Supreme Court granted certiorari on application, but the case was thereafter settled and the appeal

dismissed as moot. *Rogers v. Carmichael*, 187 Ga. 432 (200 SE 800).

In *Mayfield v. Savannah &c. R. Co.*, 87 Ga. 374 (13 SE 459) (a three-judge case), the plaintiff offered testimony that "as I went to get upon the cow-catcher, the engineer [agent of the defendant railroad] put on steam, which caused the engine to jerk violently forward and my foot to slip." The court held that the combination of the plaintiff attempting to mount the pilot and the engineer putting on steam simultaneously was a transaction so that the plaintiff could not testify to the engineer's negligent act. This explanation of the basis of the opinion was adopted in *Atlanta, K. &c. R. Co. v. Roberts*, 116 Ga. 505, 509 (42 SE 753) and held not to require exclusion of evidence by the plaintiff where the circumstances were that the plaintiff, employed by a third person to load a boxcar, was sitting on the load when the defendant's engineer attempted to couple a locomotive to the boxcar, in the course of which procedure it was derailed. The court held: "What the witness was doing at the time he was hurt, in the light of the evidence, certainly did not relate to any transaction between himself and the dead engineer. Nor do we think the court erred, under [*Mayfield*] in allowing the witness to testify to the independent fact that the car was running at the rate of seven or eight miles an hour at the time it was turned over . . . The rate of speed of the car was not a transaction between the plaintiff and the engineer of the company in any sense." Examination of the record in *Roberts* reveals that one of the allegations of negligence against the defendant, through his engineer, was "in moving said car as aforesaid at the reckless rate of speed over said track while it was in a rotten and dangerous condition." Thus, the necessary ruling in *Roberts* is that even though the testimony of the witness relates to speed, where speed is alleged as a negligent act, the testimony does not concern a "transaction" unless something in regard to the speed *and* the plaintiff combine to cause the injury, and the mere observation by the plaintiff of the speed of the vehicle is an independent observation as to which she may testify so long as it does not combine with or is not otherwise a part of a transaction between the

parties. So far as the driver-guest passenger relationship is concerned where nothing else appears, where no communication is involved, and where the testimony relates to an independent act of the plaintiff in looking at the speedometer and thereby ascertaining the speed of the car, there is no personal transaction between the parties so as to render the testimony inadmissible. Special ground 1 is without merit.

The remaining grounds of the motion, not being argued, are treated as abandoned.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*