41243.   THORNTON v. ALFORD et al.

DECIDED SEPTEMBER 8, 1965—REHEARING DENIED
SEPTEMBER 22, 1965.

*Albert E. Butler,* for plaintiff in error.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler, Walter C. Hartridge, II,* contra.

BELL, Presiding Judge. ■ Sec. 11 (c) of the Motor Vehicle Certificate of Title Act (Ga. L. 1961, pp. 68-76; *Code Ann.* § 68-411a (c)) provides: "A certificate of title issued by the Commissioner is prima facie evidence of the facts appearing on it." The owner's name stated in the certificate of title is required by *Code Ann.* § 68-411a (a2) of the Act, and is a "fact" within the meaning of *Code Ann.* § 68-411a (c). Thus, it is a "fact" uncontradicted by other evidence that the owner of the vehicle was "Western Auto Associate Store." The evidence shows without dispute that "Western Auto Associate Store" was a trade name used by Mache of Jesup, Inc., and it follows that the truck in question was in fact owned by Mache of Jesup, Inc.

There is no merit in plaintiff's contention that the personal signature of W. H. Holt appearing on the certificate in the bracket entitled "Personal Signature of Owner" is a fact showing Holt is the owner. The certificate shows that the Commissioner issued the certificate of title upon the same form used by the applicant in applying for the certificate. Under these circumstances the personal signature of the owner obviously is not a fact within the meaning of *Code Ann.* § 68-411a (c), but merely a matter of form in making application for the certificate under *Code Ann.* § 68-408a.

■ *Code Ann.* § 110-1205 provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated [t]herein." Plaintiff's statement as to the content of

324

signs on the store which might indicate ownership of the truck by W. H. Holt was mere hearsay. His statement that "plaintiff is advised and believes" that W. H. Holt had a proprietary interest in the store (and hence in the truck) was not evidence based upon the personal knowledge of the affiant, and it was ineffectual to aid him against defendants' evidence to the contrary. *Planters Rural Tel. Co-op., Inc. v. Chance*, 108 Ga. App. 146, 147 (132 SE2d 90).

As there was no material issue of fact in the case, the trial court properly granted the defendants' motion for summary judgment.

*Judgment affirmed. Frankum and Hall, JJ., concur.*