42051. BELL, Administratrix, et al. v. BELL.

BELL, Presiding Judge. Section 5 of the Act of 1959 (Ga. L. 1959, pp. 234, 235; *Code Ann.* § 110-1205) relating to summary judgments provides in part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated [t]herein." In order to comply with this clear statutory requirement, an affidavit filed in support of a motion for summary judgment must contain evidentiary matter which would be admissible under the rules of evidence if the affiant were in court and testifying on the witness stand. *Planters Rural Tel. Co-op. v. Chance*, 108 Ga. App. 146 (132 SE2d 90); *Thornton v. Alford*, 112 Ga. App. 321, 323 (145 SE2d 106).

The defendant in this case, moving for summary judgment, relied for support of the motion solely upon his affidavit concerning transactions and communications with plaintiff's decedent, as to which, under *Code* § 38-1603 (1) and (5), he

would not be permitted to testify upon trial of the case. Where there was in the affidavit no other matter sufficient to pierce the allegations of the plaintiff's petition without the aid of the inadmissible facts, the trial court erred in granting summary judgment for defendant.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*

ARGUED JUNE 9, 1966—DECIDED SEPTEMBER 22, 1966— REHEARING DENIED OCTOBER 25, 1966.

*Nicholson & Fleming, William M. Fleming, Jr., John Fleming,* for appellants.

*Thurmond, Hester, Jolles & McElmurray, Otis F. Askin,* for appellee.