44450. ALLEN, Executor v. HOLLOWAY et al.

PANNELL, Judge. Francis W. Allen, as executor of the estate of W. J. Carlton, deceased, brought a complaint in trover against Strick Holloway and Mrs. Strick Holloway seeking recovery of a Chevrolet automobile and a Ford pick-up truck alleging that "title" to them was in the deceased at the time of his death and that plaintiff is entitled to the possession of the property as an asset of the estate. Demand for repossession and refusal were alleged. The defendants filed what were denominated their first defense and second defense, which second defense alleged that the decedent, about two months prior to his death, made a gift inter vivos to Mrs. Holloway of the Chevrolet sedan, and delivered it to her along with the keys and tag registration and that she accepted the gift. The second defense further alleged that approximately one week prior to the decedent's death and in contemplation of death, decedent made a gift causa mortis to Mrs. Holloway of the Ford pick-up truck to take effect only in the event of his death. Possession of the truck and the keys thereto were delivered to Mrs. Holloway and she accepted the gift.

The plaintiff's motion to strike the second defense of the defendants was overruled and the plaintiff, after securing a proper certification for review, entered his appeal to this court.

Plaintiff on appeal contends that the second defense was insufficient because of its failure to allege that a certificate of title to the vehicles had been transferred to the donee and the title registered in her name under the Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68 et seq.; *Code Ann.* § 68-401a et seq.). *Held:*

Whether or not the second defense was sufficient as a pleading even should we assume that registration of the vehicle under the Motor Vehicle Certificate of Title Act must be proved in order to prove the defense (see in this connection *Ghitter v. Edge,* 118 Ga. App. 750, 751 (165 SE2d 598); *Harper v.*

*DeFreitas,* 117 Ga. App. 236 (160 SE2d 260)), we do not decide for the reason that there is nothing in the Motor Vehicle Certificate of Title Act which prevents the gifts from conveying title as between the legal representative of the deceased and defendant Mrs. Holloway, whatever may be the result if third parties were involved with claims of title or security. The executor is not a third party within the meaning of the Act. Section 15 of the Motor Vehicle Certificate of Title Act (Ga. L. 1961, pp. 68, 78; *Code Ann.* § 68-415a (d)) expressly provides "[e]xcept . . . *as between the parties,* a transfer by an owner is not effective until the provisions of this section and section 16 have been complied with and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred in accordance with the provisions of this section." (Emphasis supplied.) It appears, therefore, that even though the provisions of the Motor Vehicle Certificate of Title Act may be mandatory in some other situations, transactions between the parties themselves, that is, the transferors and the transferees, are excepted from these provisions of the Act. The trial court did not err in overruling the motion to strike the defendants' defense number two.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

Argued May 5, 1969—Decided May 14, 1969.

*Allen & Edenfield, James B. Franklin,* for appellant.
*Anderson & Sanders, Cohen Anderson,* for appellees.