45963. BAKER v. STATE OF GEORGIA.

Eberhardt, Judge. R. S. Baker, the sole owner of Baker Produce Company at Columbus, was apprehended August 19, 1970,

while operating a 1970 Datsun pick-up truck. He was charged with DUI, and the officer discovered, at the time of the apprehension, a gallon jug of moonshine whiskey in the truck and Baker voluntarily took a bottle of drugs from his pocket and handed them to the arresting officer.

A condemnation proceeding was instituted under Ga. L. 1967, pp. 296, 346 (*Code Ann.* § 79A-905) against the truck, and F. I. Baker, the father of R. S. Baker, filed an intervention, claiming ownership of the truck and asserting that its illegal use had been wholly without his knowledge or consent.

The matter came on for trial before Judge Oscar D. Smith, Jr., in Muscogee Superior Court, without a jury, and it was stipulated that the materials found in the truck had been moonshine whiskey and dangerous drugs, that these had been in the vehicle sought to be condemned and that the only question or issue was that of ownership and knowledge of illegal use. It appears from the evidence that R. S. Baker, son of the claimant and owner of Baker Produce Company, wanted to purchase a truck for use in connection with the business, but did not have sufficient credit rating to enable him to do it. In order to help him, the father went to the car dealer with whom the son had been negotiating and purchased the truck, to be used by the son, and a passenger car for himself. They were new vehicles. A certificate of title to the truck was obtained from the State in the name of Baker Produce Company, and a 1970 license tag was purchased for it in the name of Baker Produce Company. (It does not appear how the title or license tag to the passenger car was registered).

It was undisputed that the father, F. I. Baker, paid for the two vehicles by the giving of his personal check to the dealer. He admitted that he discussed with the dealer that he would probably sell the truck to the son, but denied that he had authorized the obtaining of a title certificate in the son's name. He admitted signing the application for the license tag, but asserted that he had signed it in blank and did not know that it, too, would be in the name of Baker Produce Company.

The salesman at the car dealer's place testified that he sold the vehicles to F. I. Baker, but admitted that he had been trying to

sell the truck to the son, and that the father had come in saying that it looked as if he would have to help his son out a little, and further admitted that he had obtained from F. I. Baker the information used in applying for the title and tag. The father, in the course of his testimony, asserted "I am the father of the owner."

From a judgment denying the intervention and condemning the truck, intervenor appeals. *Held*:

1. The title certificate issued by the State Revenue Department is prima facie evidence of the facts stated on it, including the ownership. *Thornton v. Alford,* 112 Ga. App. 321 (145 SE2d 106). The certificate of title, together with the stipulated facts, thus made a prima facie case for the State, and the burden shifted to the intervenor.

2. The judge, trying the matter without a jury, was the judge of the credibility of the witnesses, and of the weight to be given their evidence. *Simmons v. State,* 111 Ga. App. 553 (1) (142 SE2d 308).

3. Where the issue was tried by a judge without a jury this court will not disturb his finding if there is any evidence to support it. *Madison v. Montgomery,* 206 Ga. 199 (2) (56 SE2d 292). If there was conflict in the evidence that view of it must be taken, on appeal, which is most favorable to the prevailing party. *City of McRae v. Folsom,* 191 Ga. 272, 277 (11 SE2d 900). Applying these principles here we conclude that the judgment must be

*Affirmed. Hall, P. J., and Whitman, J., concur.*

SUBMITTED FEBRUARY 3, 1971—DECIDED FEBRUARY 11, 1971—
REHEARING DENIED MARCH 1, 1971.

*Louis H. Mitchell,* for appellant.
*Eugene Hardwick Polleys, Jr., District Attorney,* for appellee.