46859.   WATSON et al. v. BROWN et al.

ARGUED JANUARY 4, 1972—DECIDED APRIL 13, 1972.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr., Andrew J. Hamilton,* for appellants.

*Ross & Finch, I. J. Parkerson, Malcolm Smith,* for appellees.

BELL, Chief Judge. Initially it must be recognized that the certificate of title is prima facie evidence of the facts appearing in the certificate. *Code Ann.* § 68-411a (c). Thus it is a prima facie fact that the defendant, Katie Brown, was the owner, but this can be contradicted by other evi-

dence. *Thornton v. Alford,* 112 Ga. App. 321 (1) (145 SE2d 106). There is a disputed question of fact as to the ownership of the vehicle as between Mrs. Brown and her granddaughter Sandra in view of Sandra's affidavit. A married woman owning an automobile as her separate property may be liable for the negligent driving of an automobile under the family-purpose doctrine. *Ficklen v. Heichelheim,* 49 Ga. App. 777 (2) (176 SE 540). An essential element to liability under the family-purpose doctrine is that the head of the family has supplied the vehicle for the use of one or other members of the family. *Ferguson v. Gurley,* 218 Ga. 276 (127 SE2d 462). Liability may be imposed on the father or head of the family who has supplied the vehicle, notwithstanding it is being used at the time of the injury by a member of the family exclusively for his own individual use or pleasure. *Ferguson v. Gurley,* 218 Ga. 276, supra. Another essential factor is that of authority and control of the vehicle and this is not necessarily determined by title or payment of the expenses of operation. *Calhoun v. Eaves,* 114 Ga. App. 756, 760 (152 SE2d 805). Applying the law on the family-car doctrine to the facts here we do not think defendants have sustained their burden of proof authorizing the grant of a summary judgment. While it may be true that the down payment on the car was made by Sandra from her own money, from what source of funds comes the money required to make the monthly payment of $112.91 per month? Sandra declares that this was her "own money" but she furnishes no facts from which to support this conclusory statement. Whence came the $50 a week allowance that the grandmother gave her after she enrolled in college in September, 1970? An inference favorable to plaintiff can be drawn from this that the weekly allowance was given to Sandra to make the car payments. Similarly, there is no evidence to show that Katie Brown, the wife of the other defendant, Paul Brown, has any separate estate. Therefore, it can be inferred that he was the source of the money. The statement in the respective affidavits that Sandra exercised exclusive control over the automobile is a factor to

be considered, but from its conclusory nature it will not operate to eliminate the inference that either of the grandparents had a right to exercise control over the automobile. Thus there are genuine issues of fact present in this case as to whether the defendant grandparents furnished or supplied the vehicle. See *Sledge v. Law,* 113 Ga. App. 746 (149 SE2d 758). The trial court erred in granting summary judgment to them.

*Judgment reversed. Evans, J., concurs. Eberhardt, P. J., concurs in the judgment.*