## 47848. FRAZIER v. WILLIS.

BELL, Chief Judge. This case concerns a dispute over the ownership of an automobile. The lower court granted the defendant-executor's motion for summary judgment. The Georgia certificate of title reflects plaintiff's stepmother, now deceased, as the owner. The certificate of title is only prima facie evidence of ownership and this can be contradicted by other evidence. *Watson v. Brown,* 126 Ga. App. 69 (189 SE2d 903). By affidavit in opposition to defendant's motion for summary judgment plaintiff stated that he purchased the car from a dealer. He made a down payment by trading in an older automobile of which he was the owner plus a cash down payment of $150; that the balance was financed by the Universal CIT in the name of the deceased due to his minority; that he made the monthly payments of $119.16 per month by check or cash; that defendant has in his possession a "paper" showing that the deceased received more than $800 in cash to make the monthly payments; and that defendant-executor furnished him a document entitled "Release of Claims" for his signature which contained a statement that plaintiff was the purchaser of this automobile. Three checks payable to Universal CIT in the amount of the monthly payment drawn by plaintiff

and a copy of the above release were attached to the affidavit. Affidavits from the car dealer and his sales manager corroborated the plaintiff's affidavit concerning the sale, the trade-in, etc. This evidence in opposition to the defendant's motion appears to be admissible and would not violate Code § 38-1603 (1), as the evidence would not be categorized as transactions or communications with a deceased person. *Simmons v. Larry,* 109 Ga. App. 424 (136 SE2d 502). There is a genuine issue of material fact as to ownership of the vehicle. The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Deen and Quillian, JJ., concur.*

SUBMITTED JANUARY 3, 1973 — DECIDED
APRIL 11, 1973.

*Nixon & Nixon, John P. Nixon,* for appellant.
*A. O. B. Sparks, Jr.,* for appellee.