## 48087. HIGHTOWER v. BERLIN.

ARGUED APRIL 5, 1973 — DECIDED MAY 29, 1973 — REHEARING
DENIED JUNE 20, 1973.

William J. Brennan, Jr., for appellant.

Henning, Chambers & Mabry, Wilbur C. Brooks, for appellee.

CLARK, Judge. Berlin sued Mrs. Hightower in the Civil Court of Fulton County for property damage to his automobile caused by a collision with her car when she negligently drove through a red traffic light. The amount of damages claimed in the complaint was $365. Plaintiff's judgment was for $288.63. Appellee moved for a dismissal of this appeal on the ground that the proper tribunal for an appeal from a judgment of less than $300 in the Civil Court of Fulton County is to the Appellate Division thereof and that our court was without jurisdiction. Initially we sustained such motion but upon rehearing have vacated that opinion.

■ The motion for rehearing in this case was timely filed even though it did not arrive in the clerk's office of this court until the twelfth day. The tenth day after the rendition of the previous judgment was Saturday, April 28, 1973. As this motion was filed on the following Monday, April 30, 1973, appellant has complied with the requirements of rule 33 (b) of the rules of this court. Code Ann. § 81A-106 (a).

■ In all cases in the Civil Court of Fulton County, "[W]herein the amount involved, exclusive of interest, attorney's fees and cost, is less than three hundred dollars, an appeal shall lie from the order overruling or refusing the motion for new trial or the final order or judgment of the trial judge, as the case may be, to the Appellate Division of said court; . . ." Ga. L. 1933, pp. 290, 293, § 42c. The Court of Appeals does not have jurisdiction of such appeal. Gavant v. Berger, 182 Ga. 277 (185 SE 506); Vincent v. Garmon, 95 Ga. App. 642 (98 SE2d 408).

■ The pleadings—not the evidence nor the size of the judgment—determine what is meant by the words "amount involved." As is stated in Ga. L. 1933, p. 296, § 42C "The term 'amount involved, exclusive of interest, attorney's fees, and costs,' . . . shall be held to mean the principal amount sued for . . ." (Emphasis supplied.)

■ We have re-examined the cases of Cox v. Dolvin Realty Co., 56 Ga. App. 649 (193 SE 467); Milikin v. Johnson, 78 Ga. App. 479 (51 SE2d 561); Hamilton v. Davis, 79 Ga. App. 229 (53 SE2d 234); General Assur. Corp. v. Roberts, 92 Ga. App. 834 (90 SE2d 70 ); Atlanta Laundricoin Corp. v. Hunnicutt, 93 Ga. App. 87 (91 SE2d

127); *American Iron &c. Co. v. Davison,* 101 Ga. App. 633 (115 SE2d 229); *Davis v. Hulsey,* 102 Ga. App. 317 (116 SE2d 313) and more recently *Reese v. Termplan, Inc.,* 128 Ga. App. 527 (197 SE2d 387). In each of these cases we have found that the pleadings disclosed the amount involved at the time of the trial to have been less than $300 and therefore all were correctly decided.

■ The sole assignment of error for consideration on this appeal is that "The trial court erred in denying defendant's motion to dismiss plaintiff's complaint and in entering judgment for plaintiff when plaintiff failed to prove his ownership of the damaged automobile by the introduction of the highest and best evidence of ownership." Appellant contends the sole manner in which title to automobiles can be proven is through use of the title certificate provided for under the Motor Vehicle Certificate of Title Act which was enacted in 1961 and is codified as Ch. 68-4A.

This contention is based upon an erroneous conception of the so called "best evidence rule." As is pointed out by Prof. William H. Agnor in 11 Encyc. of Ga. L., p. 313, § 60: "The term 'best evidence rule' is misleading. This is really a preferential rule giving first preference to the original writing. It should be called the 'original document rule' . . . The rule has nothing to do with evidence generally, but is restricted to writings alone." The correctness of this statement is confirmed in Green, Georgia Law of Evidence, Ch. VIII, The Best Evidence Rule, especially § 100, p. 236. See also *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470, 473 (193 SE2d 860).

The Georgia Title Certificate Law does indeed provide a simple statutory method of proving ownership to motor vehicles but it is not exclusive. See *Rockwin Corp. v. Kincaid,* 124 Ga. App. 570 (184 SE2d 509). The statute provides that the certificate of title is prima facie evidence of the facts appearing in the certificate, including the name of the owner. Code Ann. § 68-411a (c); *Thornton v. Alford,* 112 Ga. App. 321 (145 SE2d 106); *Baker v. State,* 123 Ga. App. 394 (181 SE2d 288). The statute did not change the existing case law as to the manner in which ownership of chattels including automobiles could be proven.

In the instant case the plaintiff testified without contradiction as to his purchase of the car, the amount he paid for it, and the amount he paid for automobile repairs. This is sufficient. *Brown v. Bridges,* 86 Ga. App. 455 (2) (71 SE2d 665). If the title belonged to another the defendant was thereupon required to rebut this evidence of plaintiff's title. *Dobbs v. First Nat. Bank,* 65 Ga. App. 796 (16 SE2d 485); *Powell v. Riddick,* 89 Ga. App. 505 (80 SE2d 70);

*Beard v. Stephens,* 117 Ga. App. 132 (159 SE2d 441). See also Code § 105-1702.

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs in the judgment only.*