### 51469. McMATH v. COLUMBUS BANK & TRUST COMPANY.

EVANS, Judge.

Columbus Bank & Trust Company filed an attachment and declaration of attachment against B. L. Ferrell with reference to an indebtedness of $3,902.97.

Plaintiff alleged it held a consumer's note signed by B. L. Ferrell for the purchase of a 1974 Chevrolet Coupe Impala automobile. Leonard B. McMath filed a claim to the automobile contending that it was not the property of the defendant in attachment, but was the property of the affiant. Claimant also alleged that the plaintiff bank for other agreements and consideration agreed to forgo its lien on the car and would not levy on or interfere with McMath's possession of the 1974 automobile. Claimant alleged that he complied with this agreement, but the plaintiff bank has levied on said property anyway. Claimant prayed that a jury trial be held; that the attachment be dismissed and that he be granted judgment against the bank in the amount of $5,000. To his claim he attached a bond, and the automobile was thereby released to McMath.

A trial was held and the court directed a verdict in favor of the plaintiff against the defendant Ferrell, and denied the claims of McMath. Claimant McMath appeals. *Held:*

1. The evidence here shows plaintiff made a loan to Ferrell who signed the conditional sales contract financing the 1974 Chevrolet Impala. A check for the purchase price was issued by plaintiff payable to defendant Ferrell and Bill Heard Chevrolet. An automobile title certificate was issued to Ferrell showing C. B. & T., P. O. Box 120, Columbus, Georgia, as the lien or securing interest holder.

On the same day that plaintiff made the loan to defendant Ferrell, Ferrell attempted to sell said automobile to claimant McMath by signing a bill of sale or tag registration form conveying title, and a tag was issued in claimant McMath's name. An indebtedness to plaintiff is still due and unpaid in the amount here sought.

2. The defendant Ferrell failed to properly transfer his interest in the vehicle as required by Code Ann. § 68-415a (d). A transfer is not effective until this law has been complied with and "no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto. . ."

3. A security interest was perfected in the plaintiff

as to the vehicle. See Code Ann. §§ 68-421a, 68-422a.

4. Claimant's first contention that the automobile belonged to him and not to Ferrell is completely without merit under the law as set forth in Code Ann. § 68-415a.

5. The evidence offered by claimant did not show any agreement with Ferrell that could set aside the certificate of title. Plaintiff was the lienholder on the vehicle, even though the certificate of title is only prima facie evidence of ownership and can be contradicted by other evidence. *Frazier v. Willis,* 128 Ga. App. 762 (197 SE2d 831); *Watson v. Brown,* 126 Ga. App. 69, 70 (189 SE2d 903); *Thornton v. Alford,* 112 Ga. App. 321 (1) (145 SE2d 106). There was no other evidence sufficient to contradict the prima facie evidence of ownership by plaintiff.

6. It may be contended that claimant and defendant are not affected by the Motor Vehicle Certificate of Title Act (Code Ann. § 68-415a), as held in *Allen v. Holloway,* 119 Ga. App. 676, 677 (168 SE2d 196), *Canal Ins. Co. v. Woodward,* 121 Ga. App. 356, 358 (173 SE2d 727), and *Rockwin Corp. v. Kincaid,* 124 Ga. App. 570, 571, 572 (184 SE2d 509). But this transaction also involves another party, to wit, the holder of the security interest who holds a superior legal interest. Plaintiff's right was superior to that of the claimant.

7. The testimony fails to disclose any evidence of consideration whereby plaintiff agreed to forgo its right to levy on the automobile or any breach of any agreement between plaintiff and the claimant.

8. The court did not err in directing the verdict against the claimant and the defendant.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 30, 1975 — DECIDED NOVEMBER 24, 1975.

*Elkins & Flournoy, Thomas M. Flournoy, Jr.,* for appellant.

*Thomas R. Bryan, Jr.,* for appellee.