## 58016. LEWIS v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and found guilty of the offense of theft by conversion of leased personal property. He was sentenced to serve two years in the penitentiary and appeals. *Held:*

1. A person commits theft by conversion when having lawfully obtained property of another under an agreement to make a specified disposition of such property "he knowingly converts the . . . property to his own use in violation of such agreement . . ." See Code Ann. § 26-1808 (a) (Ga. L. 1968, pp. 1249, 1293; 1969, pp. 857, 868).

2. A title certificate issued by the State Revenue Commissioner of Georgia is prima facie evidence of the facts stated on it including the ownership. See *Thornton v. Alford,* 112 Ga. App. 321 (145 SE2d 106). Defendant contends that the elements of the crime of conversion were not shown in that the state failed to competently prove the ownership, right of possession or right to lease in the prosecuting witness, that is, where the employees of the owner, a corporation, Barrington Leasing, Inc., failed to prove ownership. These witnesses testified that agents and employees of the owner of the vehicle leased it to the defendant and that the corporation was the owner of the automobile. The property was shown to be that of the owner and the grounds of the complaint are not meritorious. See *Givens v. State,* 149 Ga. App. 83, 85 (253 SE2d 447); *Dollar v. State,* 149 Ga. App. 97 (1) (253 SE2d 461); *Hightower v. Berlin,* 129 Ga. App. 246, 248 (5) (199 SE2d 335); *Norton v. State,* 73 Ga. App. 307 (1) (36 SE2d 120). The evidence showed that the defendant lawfully obtained the motor vehicle under a lease agreement and failed to return it after the lease had expired, and after he had been requested to do so. This evidence was sufficient to show that he knowingly converted the property to his own use in violation of the agreement. All the elements of conversion were shown. There was no fatal variance between that which was alleged by the indictment and that which was proved by the state; and the state carried the burden of proof establishing the facts in the

indictment.

3. The defendant admitted leasing the automobile and the admission of the lease agreement was properly allowed in evidence where the witnesses testified as to the ownership by the corporation shown on the lease as the owner. The trial court did not err in admitting this document into evidence.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JUNE 14, 1979 — DECIDED JULY 16, 1979.

*Garcia & Hirsch, David L. Hirsch,* for appellant.
*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.