In the Matter of William Keith KING, Debtor.

John J. GOGER, As Trustee for the Estate of William Keith King, Plaintiff,

v.

William Keith KING, Peggy Stribling and Trust Company Bank.

Adv. No. 81–0004A.

United States Bankruptcy Court, N. D. Georgia.

Nov. 12, 1981.

John J. Goger, Arrington, Rubin, Winter, Krischer & Goger, Atlanta, Ga., for plaintiff.

John B. Mangrum, Decatur, Ga., for William Keith King.

Moffett & Henderson, Atlanta, Ga., for Peggy Stribling.

Janet C. Thorpe, Atlanta, Ga., for Trust Co. Bank.

## OPINION AND ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

On or about May 19, 1978, William Keith King, the Debtor, executed with the Trust Company Bank a promissory note in the amount of $6,390.36. This note was secured by two (2) motor vehicles titled in the name of the Debtor, William Keith King.

On or about August 9, 1978, William Keith King executed a bill of sale, security agreement and a substitution of collateral agreement with the Trust Company Bank whereby William Keith King granted to the Trust Company Bank a security interest in a certain 1974 Chevrolet Corvette automobile bearing the Manufacturer's Identification No. 1Z37T4S424244. This vehicle was titled in the name of William Keith King.

On or about March 26, 1980, William Keith King entered into an agreement with Peggy Hemminger, who is his former spouse, which provided in pertinent part:

> ... William Keith King hereby acknowledges that a certain 1974 Chevrolet Corvette motor vehicle, Manufacturer's I.D. No. 1Z37T4S424244, ... is the sole and exclusive property of the Defendant Peggy Hemminger. [William Keith King] further agrees and hereby transfers, assigns, and conveys to the Defendant, Peggy Hemminger, by this agreement, any and all right, title, equity, and interest that he has, might have had or claims to have had in said motor vehicle."

This agreement was incorporated by way of a consent judgment into those proceedings numbered 79C–1283 in the State Court of Gwinnett County and captioned "William Keith King, Plaintiff, versus Peggy Hemminger, f/k/a Peggy Hemminger King, Defendant."

On September 15, 1980, William Keith King filed a bankruptcy petition. At the time the Debtor initiated his bankruptcy case, he remained the owner of record of the Corvette.

The Trustee seeks to sell the automobile free and clear of liens and has filed this adversary proceeding against Defendants William Keith King, the Debtor, Peggy Hemminger Stribling, and the Trust Company Bank. The sole issue before the Court is ownership of the car.

The former spouse of the Debtor claims title in reliance on the Consent Judgment rendered in the State Court of Gwinnett County in which the Debtor disclaimed any interest in the motor vehicle. The Trustee has taken the position that because the Certificate of Title to the automobile was recorded in the name of the Debtor, he is entitled to prevail by virtue of the Georgia Motor Vehicle Certificate of Title Act. The Act provides that the transfer of a motor vehicle is not effective until the provisions of that Act are complied with and "no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the Certificate of Title thereto. Ga.Code Ann. § 68–415a(d). The Trustee therefore presumably claims that the Corvette is property of the estate under 11 U.S.C. § 541. He relies on 11 U.S.C. § 544(a) in asserting his position as a hypothetical lien creditor with respect to the property of the Debtor with attendant powers to avoid the alleged transfer of the car to the Debtor's former spouse.

Both the Trustee and the Debtor's former spouse, Peggy Hemminger Stribling, have moved for Summary Judgement.

## CONCLUSIONS

It is the opinion of the Court that the Debtor's former spouse, Peggy Hemminger Stribling, is the owner of the Corvette automobile, and the automobile is not property of the Title 11 bankruptcy estate under the jurisdiction of this Court pursuant to 11 U.S.C. § 541.

The determination of whether the automobile is property of the estate under 11 U.S.C. § 541 rests on a consideration of whether under Georgia law the property was Section 541 property of the Debtor at the time his Chapter 7 petition was filed. Neither the Georgia statute nor that state's decisional law support the Trustee's contention that ownership of a motor vehicle rests irrefutably with the record titleholder.

In Georgia, a certificate of title is prima facie evidence of ownership. Ga. Code Ann. § 68–411a(c). It is, however, only prima facie evidence and this can be contradicted by other evidence. *Frazier v. Willis*, 128 Ga.App. 762, 197 S.E.2d 831 (1973). Thus, it is not the sole manner in which title to a car can be proved. *See Hightower v. Berlin*, 129 Ga.App. 246, 199 S.E.2d 335 (1973). In the *Hightower* case, the court held that the Title Certificate Statute "provide[s] a simple statutory method of proving ownership to motor vehicles but it is not exclusive .... The statute did not change the existing case law as to the manner in which ownership of chattels, including automobiles, could be proven. 129 Ga.App. at 248, 199 S.E.2d 335.

**66**

The Georgia Motor Vehicle Certificate of Title Act provides that, *as between the parties*, effective transfer of title occurs despite noncompliance with the Certificate of Title provision. Ga.Code Ann. § 68–415a(d) (1980). See *Allen v. Holloway*, 119 Ga.App. 676, 168 S.E.2d 196 (1969). The *Allen* court held that "even though the provisions of the Motor Vehicle Certificate of Title Act may be mandatory in some other situations, transactions between the parties themselves . . . are excepted from these provisions of the Act." 119 Ga.App. at 677, 168 S.E.2d 196.

*McMath v. Columbus Bank*, 136 Ga.App. 723, 222 S.E.2d 177 (1975), on which the Trustee relies, is just such a situation, and is, therefore, largely inapposite here. *McMath* involved disputed ownership between a purchaser who claimed from a defendant in attachment, who was the owner of record, and a plaintiff bank which held a security interest in the subject vehicle. The court required strict compliance with the statute because "the transaction involved another party, to wit, the holder of the security interest who holds a superior legal interest." 136 Ga.App. at 725. The court distinguished *Allen, supra*, in which the executor of the estate of a deceased record owner was held not to be a third party within the meaning of the Motor Vehicle Act in a title dispute with the decedent's alleged donee.

█ According to the agreement reached between the Debtor and his former spouse, and embodied in a Consent Judgment rendered in the State Court of Gwinnett County, the Debtor disclaimed all right, title and interest in the automobile and acknowledged Peggy Hemminger Stribling's ownership of the car. As between those two parties, the transfer was effective under Georgia law. "The Trustee succeeds only to such rights as the bankrupt possessed; and the Trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition." *Bank of Marin v. England*, 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966). As the Debtor would now be unable to claim title to the vehicle, so the Trustee is likewise unable to claim title to the car after the aforementioned agreement and consent judgment were executed. The Trustee here is not a third party within the meaning of the Georgia statute. *Allen v. Holloway, supra*.

In view of the foregoing, § 544(a) of the Bankruptcy Code, 11 U.S.C. § 544(a) (1980), upon which the Trustee relies, does not apply here. The only limitation on the scope of the hypothesized lien of § 544 is that it extends only to property on which a creditor could have obtained a judicial lien under applicable nonbankruptcy law. The Corvette automobile is not property *of the debtor* to which a hypothetical lien could have attached. Therefore, defendant Peggy Hemminger Stribling's Motion for Summary Judgment is hereby GRANTED. The Trustee's Motion for Summary Judgment is DENIED.