**In re William DAVIS, Jr., Debtor.**

**WENCO INDUSTRIES, INC., Plaintiff,**

v.

**Barbara B. STALZER, as Trustee for the Estate of William Davis, Jr., Defendant.**

**Bankruptcy No. A92–62328–JB. Adv. No. 93–6426.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Jan. 28, 1994.

**328**

John Mrosek, Fayetteville, GA, for plaintiff.

Barbara B. Stalzer, Atlanta, GA, for defendant.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This case presents the question of whether a trustee, in his capacity as a hypothetical judicial lien creditor under 11 U.S.C. § 544(a)(1), prevails over an equitable interest in an automobile when the certificate of title is issued in the debtor's name and the name of the party claiming an equitable interest is not listed on the certificate of title. The resolution of the question depends on Georgia law.

Procedurally, this adversary proceeding is before the Court on cross motions for summary judgment. In the complaint, plaintiff Wenco Industries, Inc. ("Wenco") seeks a declaration (1) that Wenco has an interest in a 1981 Mercedes Benz 380 SEL automobile ("automobile") titled in the debtor's name by virtue of an alleged constructive trust, and (2) that Wenco's interest in the automobile is superior to the interest claimed by the Chapter 7 trustee. Defendant Barbara B. Stalzer in her capacity as the Chapter 7 trustee (the "trustee") filed a motion for summary judgment, arguing that the automobile is property of the estate and that any equitable interest claimed by plaintiff Wenco is voidable under 11 U.S.C. § 544(a)(1) as a matter of law. Plaintiff Wenco also filed a motion for summary judgment, arguing that the undisputed facts show that it is the true owner of the automobile. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (O).

The Court held a hearing on the motions on January 18, 1994. After considering the briefs and the arguments of counsel, the Court concludes that while the motions serve to narrow the issues, there are still material facts in dispute and neither party is entitled to a judgment as a matter of law.

The following facts are undisputed. Debtor William Davis, Jr. filed a Chapter 13 case on February 6, 1992. Mr. Davis converted the case to one under Chapter 7 of the Bankruptcy Code on September 2, 1992, and Defendant Stalzer was appointed as the Chapter 7 trustee. Mr. Davis was listed as the owner of the automobile on the certificate of title issued January 7, 1991, and thus was the record titleholder on the date he filed the bankruptcy case. The certificate of title also shows that a lien is held by First National Bank of Atlanta, now Wachovia Bank of Georgia, N.A. ("Wachovia").

On October 14, 1992, one month after Mr. Davis converted the case to Chapter 7, Wachovia filed a motion for the approval of a reaffirmation agreement with Mr. Davis in which Mr. Davis promised to pay monthly installments of $506.96 on the note secured by the automobile. After a hearing on December 9, 1992, the Court approved the reaffirmation agreement.

On May 6, 1993, the trustee filed a motion to sell the automobile free and clear of liens. Michael Flam, who is the president of Plaintiff Wenco, filed an objection to the motion to sell, contending that he in fact was the actual owner of the automobile. At a hearing on the trustee's motion held on June 9, 1993, counsel for Mr. Flam asserted that Mr. Flam or Wenco had an equitable interest in and a

claim for reclamation relating to the automobile. Counsel argued many facts which were not set forth in the objection and which could not be resolved in the context of an objection to the trustee's motion to sell. The Court gave counsel for Mr. Flam and Wenco five days to file a complaint, setting forth all pertinent facts. Wenco filed the instant adversary proceeding on June 16, 1993.

Wenco asserts, and it appears undisputed, that Mr. Davis was and is the accountant for Wenco and Mr. Flam, and that Mr. Davis permitted the automobile to be titled in his name as an accommodation to obtain financing for the benefit of his employer Wenco. It is also undisputed that there was no written agreement between either Mr. Flam or Wenco and Mr. Davis with regard to the ownership or any other interest in the automobile.

The parties dispute material facts relating to Wenco's claim of an equitable interest. Wenco asserts that it made all loan payments, all insurance payments, and all tax payments due and owing on the automobile and Wenco has had complete possession and use of the automobile since it was purchased. Wenco further asserts that debtor Mr. Davis has never made any loan payments, insurance payments, or tax payments on the automobile and Mr. Davis has never had the personal use or possession of the automobile. These facts are set forth in plaintiff's Statement of Material Facts and two affidavits filed with plaintiff's cross motion for summary judgment. While the trustee has not filed a response to this Statement as such, the trustee and Wenco have filed a stipulation of facts which refutes or casts doubts on many of these assertions. In addition, two paragraphs in the Statement seem contradicted by the record. In ¶ 7, Wenco states that Mr. Davis agreed at all times that title would remain in the name of Wenco. In ¶ 8, Wenco states that Mr. Davis has disclaimed any title in and to the automobile. In fact, title to the automobile at all relevant times was in Mr. Davis' name and Mr. Davis sought to and did reaffirm the debt to Wachovia during the course of his personal bankruptcy case.

Finally, it appears that Wenco filed its own bankruptcy under Chapter 11 of the Bankruptcy Code on September 27, 1989, Case No. A89–10889. The parties dispute whether disclosures made by Wenco in its bankruptcy case are inconsistent with the positions being taken by Wenco and Mr. Davis in this case regarding the automobile and the loan by Wachovia.

■ Wenco's motion for summary judgment must be denied, as there are both disputed facts and disputed inferences that can be drawn from the facts relating to Wenco's claim that it is the owner of the automobile. The trustee's motion for summary judgment, however, requires more analysis. It raises the question of whether noncompliance with O.C.G.A. § 40–3–32 renders the equitable interest of Wenco in the automobile void as to a trustee in bankruptcy by virtue of the trustee's avoiding power as a judicial lien creditor under § 544(a)(1) of the Bankruptcy Code.

■ The trustee's motion involves a pure question of law. The trustee argues that even assuming Wenco has a beneficial interest or constructive trust in the automobile, the trustee can avoid that interest under § 544(a)(1) of the Bankruptcy Code, which provides as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; ...

11 U.S.C. § 544(a)(1) (1993).

Section 544(a) of the Bankruptcy Code is often referred to as the "strongarm clause", and § 544(a)(1) gives the trustee the power and status of a hypothetical judicial lien creditor. The advantages of this power are found

in state law. Thus, the issue here is whether under Georgia law, a judicial lien creditor of a party listed as the owner on a certificate of title has a superior interest in the vehicle over a party holding an equitable unrecorded interest in the vehicle.

The trustee argues that O.C.G.A. § 40–3–32(d) gives her a superior interest in the automobile as a judicial lien creditor over Wenco, since Wenco is not listed on the certificate of title. O.C.G.A. § 40–3–32 provides, in pertinent part, as follows:

**40–3–32. Transfer of vehicle generally.**

(a) If an owner transfers his interest in a vehicle other than by the creation of a security interest, he shall, at the time of delivery of the vehicle, execute an assignment and warranty of title to the transferee in the space provided therefor on the certificate of title or as the commissioner prescribes and cause the certificate and assignment to be delivered to the transferee. . . .

(d) Except as provided in Code Section 40–3–33 and as between the parties, a transfer by an owner is not effective until this Code section and Code Section 40–3–33 have been complied with; and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred in accordance with this Code section.

O.C.G.A. § 40–3–32 (1991).

The statute does not specifically address the rights of judicial lien creditors over transferees who fail to comply with the statute. The Seventh Circuit construed a similar Illinois statute and found that the trustee as a hypothetical lien creditor did not prevail in a dispute over a truck. *In re Robison*, 665 F.2d 166 (7th Cir.1981). The *Robison* court's approach to the problem is very helpful here.

■ In *Robison*, the bankruptcy trustee sought a turnover of a truck, alleging that the attempted transfer of the truck by the debtor to his son was null and void, because

the debtor did not assign and deliver the certificate of title as required by the Illinois Motor Vehicle Code. The Seventh Circuit reversed the lower court's order which had required a turnover of the truck to the trustee. The court first reviewed § 3–112(e) of the Illinois Motor Vehicle Code which, like O.C.G.A. § 40–3–32(d), provided that *"except as . . . between the parties,* a transfer by an owner is not effective until the provisions of this section . . . have been complied with" (emphasis added). Focusing on the *"except as . . . between the parties "* language, the Court stated that the obvious implication of this language is that, as between the parties, a transfer is effective even though compliance has not been achieved. Thus, under Illinois law, an individual can effectively transfer his interest in a motor vehicle without assigning and physically transferring a certificate of title. Similarly, under the Georgia statute, it is possible that as between the parties, the debtor Mr. Davis and Wenco, a transfer or constructive trust was effective even though Mr. Davis did not assign or transfer the certificate of title to Wenco. In fact, the trustee and Wenco agree that, as between two parties, Georgia law does not require proof of the transfer of car title to establish ownership. *Allen v. Holloway*, 119 Ga.App. 676, 168 S.E.2d 196 (1969). *See also Owensboro Nat. Bank v. Jenkins*, 173 Ga. App. 775, 778, 328 S.E.2d 399 (1985) (under statute, certificate of title is prima facie evidence of ownership, but other evidence may be admitted); *Kirkland v. Crawford*, 136 Ga. App. 388, 221 S.E.2d 482 (1975).

In *Robison*, the court found that the "as between the parties" language did not apply to the trustee, since the trustee occupies a position separate and distinct from the debtor. The trustee's position was that of a hypothetical lien creditor of the debtor as of the date of bankruptcy.[1] However, the court quickly pointed out that this does not end the inquiry, for judgment lien creditors are neither included nor excluded from the class of persons as to whom noncompliance renders the transfer of a vehicle ineffective. Recognizing that the state motor vehicle statute

---

1. In *Robison*, the trustee was proceeding under § 70(c) of the Bankruptcy Act, the predecessor to § 544(a) of the Bankruptcy Code.

itself gave no meaningful guidance as to the rights of judgment lien creditors over unrecorded owners, the Seventh Circuit looked at similarly worded Illinois statutes in analogous contexts. The court looked to the state real property law which had the similar purpose of recording ownership and security interests to protect intending purchasers. The analogous provisions of Illinois real estate law also neither excluded nor included judgment lien creditors from the class as to whom unrecorded transfers are ineffective, and the court concluded that the Illinois Supreme Court did not regard judgment lien holders as members of a protected class in the absence of express statutory language including them. The court then held that the same conclusion followed in construing the provision of the Illinois Motor Vehicle Code, such that judgment lien creditors would not be protected in the absence of express statutory language including them.

This analytic approach yields the same result in Georgia. The section of the Georgia Motor Vehicle Certificate of Title Act is similar to the statute in Illinois and also does not include or exclude judicial lien creditors as a class.[2] If we look to the Georgia law regarding transfers of real property which similarly has as one of its purposes the objective of protecting intending purchasers, we find that judicial lien creditors do not prevail against parties with unrecorded interests. Georgia law appears to grant priority to an unrecorded interest in real estate over a subsequent judgment lien, and this would prevent a trustee from asserting a claim pursuant to § 544(a)(1). *See Ivey v. Transouth Financial Corp. (In re Clifford)*, 566 F.2d 1023,

1027 (5th Cir.1978); *Updike v. First Federal Savings & Loan Ass'n of Columbus (In re Updike)*, 93 B.R. 795, 798 (Bankr.M.D.Ga. 1988). It follows that judgment lien creditors would not prevail over unrecorded equitable interests in automobiles, in the absence of some clear language in the statute.

This decision would not be complete without some mention of the case of *Goger v. King (In re King)*, 17 B.R. 64 (Bankr. N.D.Ga.1981) cited by Wenco. There, the court held that a trustee could not prevail under § 544(a)(1) over a claim by the debtor's ex-wife to an automobile. The certificate of title was recorded in the name of the debtor, but the debtor had disclaimed any interest in the automobile in a consent judgment in a state court. The court's reasoning in *King* was that the trustee was not a third party, but was just like the debtor and thus the transfer at issue was valid "as between the parties." In *Robison*, as discussed earlier, the court held the trustee was not the same as the debtor and that the debtor was a third party. The Court agrees with *Robison* that the trustee is a third party within the meaning of O.C.G.A. § 40–3–32(d), because as the court stated in *Robison*, " '[w]hile it is unquestionably true that the trustee [stands] in the shoes of the bankrupt, it is equally true that he [stands] in the overshoes of the creditors....' " *Robison*, 665 F.2d at 169 (*quoting Schneider v. O'Neal*, 243 F.2d 914, 918 (8th Cir.1957)). *King* was decided only days before *Robison*, and thus the court in *King* did not have the benefit of the *Robison* analysis.

The only case cited by the trustee which supports her position is *Waldorf v. Wallach*

---

**2.** The Illinois statute construed in *Robison* provided:

> Except as provided in Section 3–113 and as between the parties, a transfer by an owner is not effective until the provisions of this Section and Section 3–115 have been complied with; however, an owner who has delivered possession of the vehicle to the transferee and has complied with the provisions of this Section and Section 3–115 requiring action by him is not liable as owner for any damages resulting thereafter from operation of the vehicle.

Ill.Rev.Stat. ch. 95½, § 3–112(e) (uniform language emphasized).

The Georgia statute provides as follows:

> Except as provided in Code Section 40–3–33 and as between the parties, a transfer by an owner is not effective until the provisions of this Code section and Code Section 40–3–33 have been complied with; and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless he shall obtain from the transferor the certificate of title thereto, duly transferred in accordance with this Code section.

O.C.G.A. § 40–3–32(d) (1993) (uniform language emphasized).

The parties have not argued, and the Court does not find, that the non-uniform language in either statute is relevant to the determination of the rights of a judicial lien creditor.

*(In re Waldorf)*, 1991 WL 129805 (Bankr. W.D.N.Y.1991). There, the debtor held title to the automobile, but contended that his son was the equitable owner as the son had paid for and used the automobile. The only reason the debtor father held the title to the car was for the son to be able to obtain lower insurance premiums. The trustee sought turnover and relied on § 544(a)(1). While the court stated it was looking to New York law to determine whether the son as the equitable owner had a greater or lesser interest than the trustee as a judicial lien creditor, the holding was simply that it would offend New York's public policy to allow the son to prevail. The Court finds *Waldorf* unpersuasive for several reasons. First, the case is on a database, but was not reported in hard copy print, and unpublished decisions generally carry little persuasive value. *See In re Mortgage & Realty Trust,* 123 B.R. 626 (Bankr.C.D.Cal.1991). In addition, the case did not focus on the rights of a judicial lien creditor in this or any other context. Finally, unlike the trustee in *Waldorf,* the trustee here has not argued that any public policy or criminal statute in Georgia is implicated.

The result here is not immediately apparent, because in bankruptcy cases, we are used to seeing the trustee prevail over unrecorded interests. The U.C.C. protects the judgment lien creditor over the unrecorded security interest in property covered by the U.C.C. U.C.C. § 9–301(1)(b). But the case at bar is not about an unperfected security interest.[3] Most state laws protect the bona fide purchaser over unrecorded interests in real estate, and the Bankruptcy Code gives the trustee the status of a bona fide purchaser when it comes to real estate. *See* 11 U.S.C. § 544(a)(3). However, the Bankruptcy Code does not give the trustee the status of a bona fide purchaser of an automobile. Thus, while a trustee can usually use his § 544(a)(1) status to prevail over unperfected security interests in personal property and while he can usually use his § 544(a)(3) bona fide purchaser status to prevail over unrecorded interests in real property, in this case,

the trustee is dealing with an unrecorded ownership interest in an automobile and the trustee does not have bona fide purchaser status. Her powers here are thus more limited than is often the case when the trustee tries to use the strongarm clause.

Finally, the result here is logical, given the purposes of the Georgia Motor Vehicle Certificate of Title Act. The Act is a recording statute and its purpose is to perfect and give notice of security interests and to control and prevent the theft and conversion of vehicles. It makes sense that the statute would try to protect purchasers or persons taking a security interest in a vehicle when they rely on a certificate of title. A judgment creditor, unlike a purchaser, typically has not relied on the registered state of the title to his detriment. *Robison,* 665 F.2d at 171. Thus it makes sense that a trustee would not prevail here as a matter of law in his capacity as a judicial lien creditor.

In accordance with the above reasoning, the motions for summary judgment are DENIED, and the matter will be set for a brief trial on the disputed facts pertaining to whether Wenco has an equitable interest in the automobile.

IT IS SO ORDERED.

---

**3.** The priority battle between a judicial lien and a security interest in an automobile is addressed in O.C.G.A. § 40–3–50(a). *See also G.M.A.C. v. Busenlehner (In re Busenlehner),* 918 F.2d 928, 930– 31 (11th Cir.); *cert. denied, Moister v. G.M.A.C.,* 500 U.S. 949, 111 S.Ct. 2251, 114 L.Ed.2d 492 (1991).